■ Maurice Kalker et al., Appellants, v Columbus Properties, Inc., Respondent. — Order of the Supreme Court, New York County (Richard Wallach, J.), entered December 19, 1984, which denied plaintiff's motion and defendant's cross motion for summary judgment, is unanimously reversed, on the law, by granting plaintiffs partial summary judgment with respect to the enforceability of the lease, granting defendant summary judgment on the relocation incentive fee and remanding for assessment of plaintiffs' damages, without costs.

Plaintiff accountants, Maurice and Abraham Kalker, rented office space from defendant Columbus Properties, Inc., at 217 Broadway. In May of 1983 the Kalkers were informed of the landlord's intent to renovate the floor in which plaintiffs had their offices and the owner's willingness to pay them for their moving costs and renovations, if the Kalkers would relocate to another floor of the building. Numerous telephone conversations and meetings took place concerning the proposed relocation. By letter dated October 27, 1983, Columbus notified the tenants that in addition to incurring all moving costs and renovation expenses for the new suite it would provide tenants with a $50,000 relocation incentive. At a meeting held November 1, 1983, the Kalkers agreed to these terms.

In a letter dated November 4, 1983, the landlord set forth in detail the terms and conditions of the new lease; however, no

reference was made to the incentive fee. Relying on this letter and certain conversations, the Kalkers retained an architect to draw renovation plans for the new space and informed subtenants of the impending move. Two subtenants were released from their obligations. The Kalkers inquired about receipt of an actual lease and a separate letter agreement governing the incentive. By letter dated November 16, 1983, they were told that preparation of the lease had commenced. Kalker never received a letter reflecting the owner's agreement to pay the $50,000 incentive. On December 12, 1983, the Kalkers were told that Columbus had changed its plans and relocation would not be necessary.

The Kalkers then commenced the instant action seeking money damages for breach of contract and specific performance and raising a claim of equitable estoppel. Plaintiffs specifically sought payment of the $50,000 relocation incentive. Defendant's answer pleaded various affirmative defenses, including the absence of an oral or written agreement, Statute of Frauds and unreasonable reliance on defendant's oral or written statements.

Plaintiffs moved for summary judgment seeking specific performance of the lease and the incentive agreement. Defendant cross-moved for summary judgment. Special Term denied both motions holding that "[t]here remains a factual issue as to whether the parties contemplated any further negotiations or agreements or whether they intended the November 4, 1983 letter to be binding notwithstanding the fact that a formal lease has * * * yet to be signed by both parties".

Plaintiff is entitled to an award of partial summary judgment. The November 4, 1983 letter from Columbus to the Kalkers clearly constituted an offer and set forth all the essential terms of a lease, leaving no material issues on the lease open for discussion. Columbus, furthermore, did not articulate any intent to be bound only by a formal lease. Pursuant to *Brause v Goldman* (10 AD2d 328, 332, *affd* 9 NY2d 620), an agreement to contract is consummated "when all the essential terms and conditions of an agreement have been set forth in informal written memoranda and all that remains is their translation into a more formal document". However, plaintiffs have not demonstrated any exceptional circumstances so as to warrant the equity relief of specific performance. Therefore, they should be entitled only to compensatory damages and we remand for a determination of their damages.

Summary judgment should also be granted the defendant landlord with regard to the $50,000 incentive fee. The payment

of the incentive, which comprised part of the consideration for the leasing of real property, was not referred to in the November 4 letter setting forth the essential terms of the lease and is thus unenforceable as outside the Statute of Frauds. Concur — Kupferman, J. P., Carro, Bloom, Milonas and Ellerin, JJ.